Filed 10/19/20  Marissa M. v. Superior Court CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARISSA M., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF KERN COUNTY, <br><br> Respondent; <br><br> KERN COUNTY DEPARTMENT OF HUMAN SERVICES, <br><br> Real Party in Interest. | F081468 <br><br> (Super. Ct. No. JD136793-00) <br><br><br> **OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Marcos R. Camacho, Judge.

Marissa M., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]      Before Detjen, Acting P.J., Franson, J. and Smith, J.

Petitioner Marissa M. (mother), in propria persona, seeks an extraordinary writ from the juvenile court's order issued at a postpermanency plan review hearing (Welf. & Inst. Code, § 366.3)[1] setting a section 366.26 hearing for November 12, 2020, as to her now 11-year-old daughter, Madison S. In her petition, mother asks this court to provide reunification services and visitation. We conclude her petition fails to comport with the procedural requirements of California Rules of Court, rule 8.452[2] regarding extraordinary writ petitions and dismiss the petition.

## PROCEDURAL AND FACTUAL SUMMARY

Seven-year-old Madison was taken into protective custody in November 2016 along with her four siblings after law enforcement responded to an altercation between mother and her then 14-year-old daughter, P.S., and found the condition of the home unsanitary and unsafe. Mother was arrested.

The Kern County Department of Human Services (department) filed an original dependency petition on the children's behalf under section 300, subdivision (b). A first amended petition was filed in January 2017, adding an allegation under subdivision (d) after P.S. disclosed that her father, mother's boyfriend, had been sexually molesting her for a year.

The juvenile court sustained the allegations, ordered the children removed from parental custody and ordered reunification services for mother but not for the children's father. The children were placed in separate foster homes.

The juvenile court provided mother reunification services until the 12-month review hearing in January 2018. Mother had not participated in her services plan, did not regularly visit the children and her whereabouts were unknown. The court terminated services and ordered the children into a planned permanent living arrangement because

---

[1]    Statutory references are to the Welfare and Institutions Code.

[2]    Rule references are to the California Rules of Court.

2.

they were not considered adoptable and there was no one willing and appropriate to accept legal guardianship. The court ordered one supervised visit a month for mother with the children and supervised sibling visits every other week for one hour.

The juvenile court found Madison's permanent plan was appropriate at review hearings conducted periodically over the ensuing two and a half years. During that time, Madison was moved into the home of her best friend. She was adjusting well, and her caregivers wanted to adopt her.

On November 23, 2019, Madison's social worker talked to Madison following a visit with her mother and siblings. Madison said she was doing well in school and enjoyed living with her best friend and her parents. She said she wanted to continue living there.

In its report for the permanent plan review hearing scheduled for July 2020, the department informed the juvenile court that Madison's caretakers wanted to adopt Madison, but Madison had mixed feelings. She was torn between her affection for her caregivers and her affection for her mother. Wanting to provide Madison some permanency, the caregivers offered to assume legal guardianship.

On July 16, 2020, the juvenile court conducted a permanency plan review hearing as to all five children under section 366.3. The court also conducted a hearing under section 366.31 as to P.S. because she attained the age of 18. Neither parent appeared, and their attorney submitted the matter. The juvenile court set review hearings as to all the children except Madison. For her, the court set a section 366.26 hearing to implement a different permanent plan and ordered the department to assess her for adoption.

## DICUSSION

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, absent a showing of error, this court will not disturb them. A parent seeking review of the juvenile court's orders from the setting hearing must, as mother did here, file an extraordinary writ petition in

the reviewing court. The purpose of writ proceedings is to allow the reviewing court to review the juvenile court's orders to identify any errors before the section 366.26 hearing occurs. Rule 8.452 requires the petitioner to identify the error(s) she believes the juvenile court made. It also requires the petitioner to support each error with argument, citation to legal authority, and citation to the appellate record. (Rule 8.452(b).)

Mother's writ petition is blank for all practical purposes. She checked the boxes indicating that she would like reunification services and visitation. She did not, however, identify a specific legal error committed by the juvenile court in setting a section 366.26 hearing. Since mother does not contend the court erred in setting the section 366.26 hearing, her petition is facially inadequate for review.

Further, even if we were to review the juvenile court's order setting the section 366.26 hearing, we would find no error. When the court orders a child into foster care at a section 366.26 hearing, it must review the child's permanent plan every six months to determine whether the plan is still appropriate. (§§ 366.26, subd. (b)(7); 366.3, subd. (d).) If it appears the child is suitable for adoption, the court must set a section 366.26 hearing. (§ 366.3, subd. (h)(1).)

Here, by the review hearing in July 2020, Madison's foster parents were interested in providing her a permanent plan either through adoption or legal guardianship. Consequently, a planned permanent living arrangement was no longer an appropriate placement option for Madison and the juvenile court had no choice but to set a section 366.26 hearing to determine whether adoption or legal guardianship was a more appropriate permanent plan.

## DISPOSITION

The petition for extraordinary writ is dismissed. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).

4.